

# THE ATTORNEY GENERAL
# OF TEXAS

October 22, 1986

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Edward Woolery-Price
Colorado County Attorney
910 Milam
Columbus, Texas    78934

Opinion No. JM-567

Re: Whether exemption for certain
commodities in section 5(b) of
article 6701d-11, V.T.C.S., applies
to section 5(a) of article 6701d-11,
V.T.C.S.

Dear Mr. Woolery-Price:

You ask a question regarding overweight trucks.  Section 5(a) of
article 6701d-11 makes it unlawful to operate on the public highways a
commercial motor vehicle, truck-tractor, trailer, or semitrailer
having a weight in excess of the specified weight limitations.  It
contains no express exceptions.  In 1983, the legislature added
section 5(b), which further provides that:

> (b) No person shall load, or cause to be
> loaded, a vehicle for operation on the public
> highways of this state with the intent to violate
> the weight limitations in Subsection (a) of this
> section.  Intent to violate those limitations is
> presumed if the loaded vehicle exceeds the applic-
> able gross vehicular weight limit by 15 percent
> or more.  This subsection does not apply to the
> loading or causing to be loaded of an agricultural
> or a forestry commodity prior to the processing of
> the commodity.  (Emphasis added).

V.T.C.S. art. 6701d-11, §5(b).

In the context of a farmer using his own truck to transport his
harvest of rice or corn on a public highway from his farm to a place
to sell the product, or to have the product processed, or to store the
product pending sale, you ask the following question:

> Does section 5(b), article 6701d-11, V.T.C.S.,
> exempt the driver or owner of that vehicle, who is
> also the farmer . . . from section 5(a) of article
> 6701d-11?

It is our opinion that section 5(b) does not exempt the driver or
owner of an overloaded vehicle from the provisions of section 5(a).

The provisions of section 5(a) determine whether the <u>operation</u> of an overloaded truck violates article 6701d-11. A violation of section 5(b) is a different offense. Section 5(b) prohibits the loading of a truck for operation on a public highway with the intent to violate the weight limitations that are specified in section 5(a). The express provision by the legislature that section 5(b) does not apply to the loading of an agricultural or forestry commodity prior to the processing of the commodity relates only to the loading of a truck with the intent to violate the limitations of section 5(a). <u>Cf.</u> V.T.C.S. art. 6701d-11, §5 1/2; §6, subdiv. 6.

You inquire about the effect of Attorney General Opinion JM-354 (1985) on the question of whether section 5(b) of article 6701d-11 exempts a vehicle from the provisions of section 5(a) of article 6701d-11. The question asked in Attorney General Opinion JM-354 was not whether the operator of an overloaded truck would violate article 6701d-11, and it is the policy of this office to answer only the questions that are asked. Attorney General Opinion JM-354 relates solely to the owner or operator of a wood yard who has loaded or caused to be loaded a vehicle for operation on the public highways in violation of weight limits. This office expressed the opinion that the exception for a forestry commodity prior to the processing of the commodity, which exception section 5(b) creates for the offense of overloading or causing the overloading of a vehicle, does not apply to the hauling of logs or pulpwood from a wood yard under the facts presented in that opinion. The opinion deals with the question of whether logs and pulpwood leaving a wood yard are a forestry commodity prior to the processing of the commodity.

## S U M M A R Y

The exception in section 5(b) of article 6701d-11, V.T.C.S., for an agricultural or forestry commodity prior to the processing of the commodity does not apply to the offense of operating an overloaded vehicle under section 5(a), article 6701d-11.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General